# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-47
Lower Tribunal No. 86-35031
_____

**Charles E. Carter,**
Petitioner,

vs.

**The State of Florida,**
Repondent.


A Petition for Writ of Habeas Corpus from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Charles E. Carter, in proper person.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for respondent.


Before ROTHENBERG, SALTER and SCALES, JJ.

PER CURIAM.

Charles E. Carter appeals a denial by the Miami-Dade circuit court of his combined petition for a writ of certiorari and motion to correct an illegal sentence. We affirm, and issue an order to show cause.

In 1987, a jury convicted Carter of aggravated battery, armed robbery, armed kidnapping, attempted first degree murder, and armed burglary of an occupied conveyance. In 2000, after a federal magistrate recommended that Carter be re-sentenced, the trial court, upon de novo review, re-sentenced Carter as follows: fifteen-years imprisonment for aggravated battery, thirteen-years imprisonment for armed robbery (with credit for time served), life imprisonment for armed kidnapping (to run concurrently), life imprisonment for burglary of a conveyance (to run concurrently), and thirty-years imprisonment for attempted first degree murder (to run concurrently).[1]

This Court has ruled repeatedly on Carter's challenges to his re-sentencing.[2] We find no new grounds upon which to reverse the determination of the trial court in the instant appeal.

---

[1] The transcript of the January 27, 2000 hearing indicates that the trial court imposed a fifty-year sentence on the attempted first degree murder count. It is clear from all surrounding indications that the trial court imposed a thirty-year sentence, and that the hearing transcript likely contains a scrivener's error.

[2] Carter v. State, 138 So. 3d 452 (Fla. 3d DCA 2014) (Table); Carter v. State, 775 So. 3d 186 (Fla. 3d DCA 2011) (Table); Carter v. Crosby, 882 So. 2d 390 (Fla. 3d DCA 2004) (Table); Carter v. State, 852 So. 2d 241 (Fla 3d DCA 2003) (Table); Carter v. State, 837 So. 2d 472 (Fla. 3d DCA 2003) (Mem); Carter v. State, 821 So. 2d 1072 (Fla. 3d DCA 2002) (Table); Carter v. State, 791 So. 2d 568 (Fla 3d

ORDER TO SHOW CAUSE

Carter is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 86-35031.

If Carter does not demonstrate good cause, any such further and unauthorized filings by Carter will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2014).

Affirmed. Order to show cause issued.

---

DCA 2001). In the latter case, this Court said: "Here the successor judge considering the convictions and surrounding facts ordered the sentences he concluded were appropriate. Those sentences are no more harsh than the sentences imposed in Defendant's original sentencing and are certainly supported by record evidence." Carter, 791 So. 2d at 572.